■ EDWARD MCGOWAN, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 52495.) — Appeal from a judgment, entered January 5, 1973, upon a decision of the Court of Claims. On March 18, 1969, the State, pursuant to section 30 of the Highway Law, appropriated a portion of the real property owned by claimant located on Sunrise Highway in the Town of Islip. The southerly appropriation line passed through a one-story commercial building on the property. Also appropriated was an easement for the purpose of the demolition of the building. That portion of the building lying within the demolition area consisted of 1,500 square feet. On April 16, 1969, the State agreed to permit claimant's former tenant to rent the building for a period commencing April 15, 1969 and terminating September 15, 1969 for a monthly charge of $850. On May 16, 1969, claimant executed a partial payment agreement which was executed on behalf of the Commissioner of Transportation

on May 28, 1969, whereby the State agreed to pay claimant the sum of $113,250 which sum was 75% of $151,000, the amount determined by the Commissioner of Transportation to be the value of claimant's claims. By this agreement, claimant agreed to buy and the State to sell the rental building for $950, the salvage value of the building, and claimant received the net sum of $112,300. Title to the building was vested in claimant as of March 18, 1969, and claimant agreed to remove the building within 10 days after notice by the State. This agreement was contingent upon the approval of the State Comptroller which was given on June 10, 1969. Pursuant to the rental agreement with claimant's former tenant, the State received the sum of $4,250 as rent for the aforesaid five-month period. On September 5, 1969, claimant demanded payment to it of the rents collected by the State, which demand was rejected on October 7, 1969. Thereafter, on May 18, 1970, claimant filed its claim for $5,000 for rent improperly collected by the State. On January 6, 1971, the Department of Transportation approved an agreement settling the claimant's original appropriation claim for the sum of $200,000. This agreement specifically provided that it excluded the rights of claimant under the claim filed on May 18, 1970. At the trial, no testimony was offered and the evidence was limited to the documents received in evidence. The State moved to dismiss the claim on the ground that it was not timely filed pursuant to section 10 of the Court of Claims Act; that claimant had not made out a prima facie case against the State; and that the court had no jurisdiction by reason of the late filing. The Court of Claims denied the State's motion; determined that the State had collected $4,250 for occupancy of a building which it did not own; that the State was entitled to $50 per month for the reasonable rental value of the land it owned or $250 and awarded claimant the sum of $4,000 with interest. The State contends that this claim is not a claim for the appropriation by the State of lands, or any right, title or interest in, or to lands and that the claim, therefore, was required to be filed within 90 days or, at most, within six months of accrual thereof depending upon whether it is deemed to be based on trespass or for breach of contract, express or implied, or for wrongful withholding of moneys belonging to claimant as provided in subdivisions 3 and 4 of section 10 of the Court of Claims Act. Claimant, on the other hand, contends that the claim stems from the original appropriation and that the two-year Statute of Limitations provided in subdivision 1 of section 10 applies. The State also contends that there is no evidence in the record to support the decision and judgment of the court. The claim herein states that it is " for rent improperly collected by the State of New York." This claim did not arise as the result of the appropriation, but arose out of an agreement providing for the partial settlement of the claim for the appropriation. On its face, it does not purport to be a claim for the appropriation of lands, but rather a claim for the wrongful collection of rents and withholding of the same or wrongful conversion thereof. Since this claim is a new claim arising out of the agreement for partial settlement and is not a claim for the direct appropriation of land, the provisions of subdivision 1 of section 10 of the Court of Claims Act, providing for the filing of a claim within two years (now three years) after the accrual thereof, are not applicable. Whether this claim be considered a claim for breach of contract or for tort, or a combination of both, applicable time for filing the claim is, at the very most, within six months of the accrual thereof as provided by subdivision 4 of section 10 of the Court of Claims Act. This claim accrued on October 7, 1969, the date the State allegedly wrongfully refused to pay over the " rents " collected. The claim having been filed on May 18, 1970 more than six months after the accrual thereof, it was not timely filed and should, there-

fore, have been dismissed. The instant claim was, of course, filed long after the accrual date of the land appropriation. The damage complained of in this claim is clearly not a consequence of the fact of the appropriation itself, but rather a consequence of events occurring after the appropriation had been consummated. (*Mitchell* v. *State of New York*, 20 Misc 2d 374; *West* v. *State of New York*, 205 Misc. 492.) Judgment reversed, on the law and the facts, and claim dismissed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Kane, JJ., concur.